Mamie Thompson, and Martha Love, Appellants, v.
John Capasso, and Margaret Robinson, Appellees.

Gen. No. 47,531.

First District, Second Division.
February 3, 1959.
Released for publication April 8, 1959.

David Alswang, and Schwartzberg & Barnett, all of Chicago (David Alswang, of counsel) for appellants.

Heineke, Conklin & Schrader, of Chicago (Roger A. Merletti, and Paul H. Heineke, of counsel) for John Capasso, appellee.

JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by plaintiffs from a final order dismissing a Dramshop suit, because it was not com-

menced within the time limited by the Liquor Control Act (Dramshop Act) (Ill. Rev. Stat., Ch. 43, § 135, as amended in 1955). The trial court held that the recommencement provisions of the Limitations Act (Ill. Rev. Stat., Ch. 83, § 24a) do not include Dramshop actions.

This action is based on personal injuries suffered by plaintiffs on October 28, 1951. A suit filed January 29, 1952, was dismissed for want of prosecution on December 3, 1956. The instant suit was filed on May 3, 1957, and on motion was dismissed as to defendant Capasso, a tavern keeper.

It is conceded that unless a Dramshop action is commenced within one year next after the cause of action accrued, such action is barred. Therefore, the sole question is whether actions commenced under the Liquor Control Act are encompassed within the class of cases specified in the Limitations Act, so as to permit a recommencement.

The Liquor Control Act (§ 135) provides:

"Every person who shall be injured, in person or property by any intoxicated person, shall have a right of action . . . against any person or persons . . . ; provided that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued."

The provisions of Chapter 83, the Limitations Act, which are pertinent, are as follows:

Section 15: "Actions for damages for an injury to the person . . . shall be commenced within two years next after the cause of action accrued."

Section 24a: "In any of the actions specified in any of the sections of this act, . . . if the plaintiff be non-suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, . . . may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

3

■ Although Dramshop actions are not specified in any section of the Limitations Act, it is plaintiffs' contention that the instant suit is essentially a personal injury action and, although it is brought under the authority of the Liquor Control Act, it is a personal injury action within the meaning of the Limitations Act, § 15, and encompassed within the specifications of § 24a.

■ The Liquor Control Act of Illinois grants a right of action which was unknown to the common law. From the adoption of the Act in 1874, through its re-enactment in 1934, and until 1949, there was no provision in the Act requiring the commencement of the suit within any specified time. As amended in 1949, the amount of recovery was limited, and a provision was incorporated in the Act requiring the commencement of all suits within two years next after the cause of action accrued. In 1955, additional changes were made in the Act, and the legislature reduced the time within which such an action had to be commenced, or become barred, to one year. This amendment became effective July 1, 1956, and was effective at the time of the involuntary nonsuit suffered by plaintiffs. The Act as amended in 1955, reducing the limitation period to one year, has been upheld. Huckaba v. Cox, 14 Ill.2d 126 (1958).

■■ The liability imposed and the nature of the damages recoverable are of statutory origin and are expressly and exclusively defined in the Dramshop Act, and the cause of action cannot be made analogous to other actions, although the Act should be liberally construed. (Howlett v. Doglio, 402 Ill. 311, 318 (1949).) The legislature, in creating the rights under the Act, imposed conditions and restrictions upon the assertion of such rights. The 1949 amendment, in a measure, effected a repeal of the old Dramshop statutory right of action, by imposing time limitations for bringing ac-

4

tions under the Liquor Control Act. (Orlicki v. Mc-Carthy, 4 Ill.2d 342, 353 (1954).) The amendment made the time limit placed on the commencement of the action a condition of liability and a "necessary element of the cause of action." (Fourt v. DeLazzer, 348 Ill. App. 191, 197, (1952).)

██ ██ The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Generally, statutes permitting a new action to be brought after the expiration of the period of limitations, upon the failure of a previous action commenced within that period, have been regarded as applying to "actions founded upon nonstatutory rights or upon rights formerly existing independently of statute." 34 Am. Jur. § 7, p. 16, § 280, p. 226.

We do not agree with plaintiffs' contention that the Orlicki case held "that the two year period is a Statute of Limitation and not a condition precedent to filing suit," and that the "court has refused to characterize *that* provision as a condition precedent." In that case, in sustaining the retroactive application of the Dramshop Act time limitation amendment, Justice Bristow stated, it was "on the ground that the legislature so intended, and that it is procedural in character," and "we prefer to predicate our determination on these grounds, rather than by analogy to the Carlin case, which held the time requirements to be a 'condition of liability,' and which would support the same result, since our rationale has broader support in the case law, will effect greater harmony and fewer tenuous refinements among the decisions." This language appears after discussion of many cases which held that the time limitation provisions of the Dramshop and Injuries

Acts constituted a "condition of liability." The implication is that Justice Bristow would not have said that a holding of the time requirements to be a " 'condition of liability' . . . would support the same result," if it was intended to hold the limitation period of the Dramshop Act a statute of limitations.

In support of plaintiffs' theory that the instant suit is, in substance, for personal injuries, included with the classes of cases embraced by the Limitations Act, plaintiffs rely mainly upon Bishop v. Chicago Rys. Co., 303 Ill. 273 (1922) and Desiron v. Peloza, 308 Ill. App. 582 (1941).

The Desiron case was a Dramshop action, decided by this court prior to the 1949 amendment, and the court said:

". . . where a cause of action under this section [par. 135, Ch. 43] is for damages for an injury to the person it is governed by the 2-year statute of limitations. . . . It is apparent that par. 15 . . . applies to all actions for damages for an injury to the person."

The Bishop case, a wrongful death action brought under the Limitations Act, § 24a (then § 2), as more than one year had elapsed since the death sued on, held that the Limitations Act was not applicable to actions arising under the Injuries Act, to which class the action sued on belonged. The court said:

". . . the Limitations act cannot be said to be applicable to cases arising under the Injuries act unless the right of action in such cases can be seen to be included within the classes of cases embraced by the Limitations act.

". . . The 'actions specified' in the Limitations act are those named in that act. The term 'specified' indicates a particular and not a general class of cases."

We believe that the Desiron opinion must be read in the light of the statute as it existed in 1939, and that the 1949 amendment indicated that the legislature felt

6

that the Limitations statute did not adequately limit the Dramshop Act right of action, as was stated in the Orlicki case:

"The evil to be eliminated by the amendment was the prolonged liability for a period of five years of dramshop owners and operators, who rarely have any actual knowledge of the events upon which their liability is based."

Therefore, the Desiron case is not applicable to the instant case, which must be decided under the 1955 amendment.

However, plaintiffs contend that the Bishop case sets forth a test, which, applied here, indicates that the provisions of the Dramshop Act time limitation provision are not to be applied where "the right of action in such cases can be seen to be included within the classes of cases embraced by the Limitations act," and as the Desiron case held that the Limitations Act "applies to all actions for damages for an injury to the person," it follows that the test of the Bishop case is met and controls the character of the instant case. From our view of the Desiron case, we do not believe it can be used to meet the so-called Bishop case test.

An injury to the person is one of the enumerated causes of action in the Dramshop Act, but the "injury to the person" is not the controlling element—it must be by an intoxicated person. The personal injury element is not sufficient to place it within the generally accepted class of personal injury actions, which are grounded on the negligence of another. The Dramshop action is grounded on the act of an intoxicated person and creates a right of action against persons who are not included in the common-law class of persons responsible for personal injuries. The Dramshop Act includes "injuries to means of support" as another right of action based upon the intoxication of a person, or in

7

consequence thereof. This action is not within the classes of cases specified in the Limitations Act. We do not believe that the legislature intended an interpretation which would permit a Dramshop action for personal injuries to be included, by inference, within the Limitations Act, and the same inference could not be applied generally to other causes of action arising under the Dramshop Act.

Plaintiffs have cited a number of out-of-state cases to support their contentions, but we believe they are not applicable to the Illinois act. The decisions of this state are sufficiently determinative and should be followed. We have no right to make a distinction which the legislature did not see fit to make.

We believe that the legislature, by the 1949 amendment, did not intend that the provisions of the Limitations Act should be applied to causes of action filed under authority of the Dramshop Act, if "the evil to be eliminated by the amendment was the prolonged liability . . . of dram shop owners and operators." Orlicki v. McCarthy, 4 Ill.2d 342.

Therefore, the judgment of the trial court, dismissing the instant action as against the defendant, John Capasso, because it was not commenced against him within the time limited by law, is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.