Beatrice Lowrey, formerly Beatrice Janowiak, Linda Louise Lowrey and Jeffrey James Lowrey, Both Infants, by Beatrice Lowrey, Their Mother and Next Best Friend, Plaintiffs-Appellants, v. Edward and Theodore Malkowski, d/b/a Mooney's, William H. Frankenberg, d/b/a Four-4's Tavern, Peter Czerwieniec, d/b/a Liquor Town Lounge, Tom Thumb Snacks, Inc., a/k/a Kildare Inn, Stephen Telow, d/b/a S & P Tap & Liquors, Defendants-Appellees.

Gen. No. 47,620.

First District, Third Division.

December 9, 1959.

Released for publication January 29, 1960.

371

Irving Eisenberg, of Chicago (Paul I. Baikoff, of counsel) for appellants.

Brody and Gore, Duffy and Connell, McKinley and Price, and Heineke, Conklin, and Schrader, all of Chicago, for appellees.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is a suit arising under the Dram Shop Act (Ill. Rev. Stat. 1957, Chap. 43, sec. 135) for failure of support by the husband, brought by Beatrice Lowrey, for herself and on behalf of her two minor children. She obtained a divorce from the husband-father of the children, on the grounds of habitual drunkenness, the decree reserving jurisdiction as to alimony. Subsequently she obtained a judgment order against him for unpaid child support and fees. Before the entry of such order she married Roger Lowrey, her present husband who, after the date of the judgment, adopted the children. Defendants filed motions to dismiss on grounds of failure to state a cause of action which were sustained by the court below and judgment entered against plaintiffs, who appeal.

Plaintiffs maintain that their complaint states a cause of action. We are satisfied that the opinion in St. Clair v. Douvas, et al., 21 Ill.App.2d 444, settles the point. In that case, a construction of the amended Act identical with that urged by appellee in this case was rejected by the court. At page 450, Mr. Justice McCormick said:

"It is the contention of the defendants that the provision of the statute to the effect that the action must be brought in the name of the person injured, from whom the said support was derived, should be con-

sidered as meaning that there could be no recovery unless a physical injury had been incurred by the person providing the support and that the decisions of the Illinois courts interpreting the Act before the amendment are no longer applicable. To so hold would, in our opinion, require a strained construction of the statute. If the legislature had so intended it would have so stated. In the Act as amended the term 'injured' or 'injuries' is used several times, and the meaning must be interpreted considering the subject to which the word refers and with reference to the context. . . . The provision in the Dram Shop Act that 'an action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid' is substantially the same as the provision was before the amendment. This sentence in the amendment creates the right of action for injuries to means of support. Huckaba v. Cox, 14 Ill.2d 126, 130. The word 'injuries' there used does not mean physical injuries. It means that the person entitled to support received an injury through being deprived of means of support and that such injury was a violation of his legal rights. Jury v. Ogden, 56 Ill. App. 100, 105."

And in summary, on page 452, the court concluded:

"Reading the entire amendment we find that it was not the intention of the legislature to limit actions brought for injury to means of support to cases where death or a physical injury was suffered by the person furnishing the support, and we hold that the cases which were decided under the Act before the amendment construing the provision creating the right of action for injuries to means of support are still controlling."

The court had squarely before it the question of whether the 1955 amendments recognized that a cause

373

of action could arise in favor of a person claiming a loss of support when that loss resulted without physical injury to the provider of the support. In that case the provider of the support had been incarcerated for the commission of a criminal act while intoxicated and as a result was unable to support the claimant. After a thorough examination of the authorities the court came to the conclusion, and we think rightly so, that the statutory language was substantially the same as it had been before the amendment and that the injuries referred to are the injuries to the person entitled to support through being deprived of his legal rights whether or not it results from physical injury to the provider of the support. The court made a careful survey of the authorities. It is therefore perfectly clear that the cause of action does not have to be for physical injuries to the provider of the support.

Steller v. Miles, 17 Ill.App.2d 435, relied upon by appellees, did not involve the question of whether injury to the provider of the support is a necessary part of the cause of action under the Dram Shop Act. It dealt only with the problems of joinder of parties and maximum amounts recoverable, neither of which were raised in this court.

The order of the trial court in dismissing the complaint indicates that it was based upon the erroneous contention of the defendant that the loss of support must be the result of physical injury to the provider of the support. It applied to both counts of the complaint and to all parties. In this respect the dismissal of the complaint was improper and should be reversed. However, appellee has raised certain other contentions which have not been disposed of by the foregoing analysis.

Appellee contends that the dismissal of the complaint is proper because it was filed more than one

year after the cause of action accrued and thus fails to comply with the one year limitation period of the amendment of 1955 (Ill. Rev. Stat. 1957, Chap. 43, sec. 135). The statute provides, in part:

"An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid."

██ ██ The terms "means of support" referred to in the statute has not been restricted to the support which the person intoxicated was found legally obligated to furnish, but has been held to include the loss of income which results from the termination of voluntary contributions. Pearson v. Renfro, 320 Ill. App. 202. But "means of support," as used in the statute, has consistently been construed to require that the person intoxicated did in fact render support, whether or not he was legally required to do so. McClure v. Lence, 345 Ill. App. 158. No action will lie for damages based on a future potentiality of support not presently provable. Robertson v. White, 11 Ill. App.2d 177. Here there was a total lack of support for more than one year prior to the filing of the complaint. There was no support rendered in fact. Therefore, at no time during the one year preceding the filing of this cause of action could the plaintiffs claim to be deprived of the nonexistent support. The Limitation Act, which would toll the running of the limitation on recovery until the children reached their majority, is not to be applied to actions under the Dram Shop Act. Thompson v. Capasso, 21 Ill.App.2d 1.

██ Appellant contends that the trial court abused its discretion in refusing to allow amendment of its complaint. In Thomas v. Carroll Const. Co., 14 Ill. App.2d 205, at page 210, the court held:

"The trial court has discretion with respect to allowance of amendments to pleadings and it is not

375

prejudicial error to refuse an amendment unless there has been a manifest abuse of this discretion. (Deasey v. Chicago, 412 Ill. 151, 156–157)."

In Joyce v. Blankenship, 399 Ill. 136, it was held that it is proper to dismiss a complaint when there is no equity on its face, and it is manifest that no amendment could aid it. In the instant case, the complaint was defective on its face, for the period during which an action could be brought had expired. No amendment could rejuvenate the dead cause of action. There was no abuse of discretion by the trial court in refusing to allow amendment in this instance.

For the reasons indicated, the judgment of the trial court is affirmed.

Judgment affirmed.

BURKE and FRIEND, JJ., concur.