Frances C. Cook, Administrator of the Estate of Joseph A. Cook, Deceased, Plaintiff-Appellee, v. Logan's Inferno, Inc., a Corporation, Russo's Derby, Inc., a Corporation, Parkview Liquors, Inc., a Corporation, K. G. Enterprises, Inc., a Corporation, and Marie Townsend, d/b/a Perkin's Tavern, Defendants-Appellees, Michael Patrick Cook, a Minor, and Joseph John Cook, a Minor, by Their Mother and Next Friend, Mary Ellen Cook, Intervening Petitioners-Appellants.

Gen. No. 67–72.

Second District.

December 12, 1967.

Knight, Ingrassia & Schirger, of Rockford, for appellants.

Miller, Hickey, Collins, Gilbert & Powers, and Barrick, Jackson & Switzer, of Rockford, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This appeal involves the propriety of the order of the Circuit Court of the 17th Judicial Circuit, in denying the amended motion of Michael Patrick Cook and Joseph John Cook, minors, by their mother and next friend, Mary Ellen Cook, herein called appellants, for leave to file an intervening petition in the pending dramshop action wherein Frances C. Cook, as administrator of the estate of Joseph A. Cook, deceased, was plaintiff.

The plaintiff's amended complaint charged that on August 1 and 2, 1965, the defendants were duly licensed and each respectively operated a tavern wherein intoxicating liquors were sold or given to the public; that on said dates, Frances C. Cook was the wife, and Cynthia Cook, the daughter of Joseph A. Cook, and each were dependent upon him for their support; that by virtue of Article VI, section 14 of the Liquor Control Act (Ill Rev Stats 1965, c 43, par 135), they are entitled to maintain a loss of means of support action against each of the defendants; that on said dates, Joseph A. Cook attended each of the defendants' taverns and there received quantities of liquor which caused him to become intoxicated; and that because of such intoxication, he was killed while negligently operating a motorcycle owned by him.

The appellants, in their amended motion for leave to file an intervening petition, asserted that Michael Patrick Cook and John Joseph Cook were the natural children of

84

Mary Ellen Cook and Joseph A. Cook; and that said natural children were dependent upon Joseph A. Cook for support by reason of a court order directing him to pay child support to them.

The dramshop suit was filed on July 26, 1966. Approximately one and one-half years later and on February 9, 1967, the appellants filed their motion, which was thereafter amended, asking leave to file an intervening petition. This motion was denied and the appellants appealed.

The appellants urge the equities of the factual circumstances as the basis of their right to intervene in the dramshop action, while the plaintiff-appellee asserts that the right of intervention in a dramshop proceeding is governed by Article VI of section 14 of the Liquor Control Act, the pertinent parts of which provide:

"Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . . . An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid. Such action, if the person from whom support was furnished shall be living, shall be brought by any person injured in means of support in his or her name, for his or her benefit and the benefit of all other persons injured in means of support; *however, any person claiming to be injured in means of support and not included in any suit brought hereunder may join by motion made within the time herein provided for bringing such action,* or the personal representative of the deceased person, as the case may be, from whom such support was furnished, and the amount recovered in every such action shall be for the exclusive benefit of the

person or persons injured in loss of support, and shall be distributed to such persons in the proportions determined by the judgment or verdict rendered in such action. . . . Recovery under this Act for injury to the person or to the property of any person as aforesaid, shall not exceed $15,000, and recovery under this Act for loss of means of support resulting from the death or injury of any person, as aforesaid, shall not exceed $15,000 for each person so injured where such injury occurred prior to July 1, 1956, and not exceeding $20,000 for each person so injured after July 1, 1956; *provided that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued.*" (Italics Ours.)

In 1949 the legislature amended the above section of the Liquor Control Act by adding a clause providing that every action thereunder shall be commenced within 2 years next after the cause of action accrued. In 1955 the legislature further amended said section to provide that every action thereunder shall be commenced within one year next after the cause of action accrued.

Prior to the 1949 amendment, in the absence of a limitation in the Liquor Control Act which created the dramshop action, it had been held that the general statutes of limitation applied to such action; and that an action under the Act for an injury to the person was governed by the 2-year statute of limitations and an action for injury to property was based on the 5-year statute. Desiron v. Peloza, 308 Ill App 582, 590–592, 32 NE2d 316 incl. (1941).

The one-year proviso of the Act, above quoted, with respect to the bringing of an action for injuries to the person or property by any intoxicated person against the person or persons selling or giving intoxicating liquor causing the intoxication, has been construed by Illinois

86

courts. In Lowrey v. Malkowski, 20 Ill2d 280, 170 NE2d 147 (1960), at pages 283 and 284, the Court stated:

"We turn first to the issue of the one-year limitation' on the right to sue, which the Appellate Court regarded as dispositive of this case. The one-year proviso contained in the act is a special limitation upon a statutory cause of action, and as such is distinguishable from the general statutes of limitation which applied prior to the 1955 amendment to the act. Desiron v. Peloza, 308 Ill App 582; Ill Rev Stats 1957, chap 83, par 15.

"A similar limitation in the Injuries Act has been repeatedly held to be a condition precedent to the right of recovery, which must be observed in all events. (Wilson v. Tromly, 404 Ill 307; Fitzpatrick v. Pitcairn, 371 Ill 203; Hartray v. Chicago Railways Co., 290 Ill 85.) In addition to these persuasive authorities, we held that the legislature intended to apply the dramshop limitation retroactively to prevent the evil of prolonged liability of dramshop owners who rarely have an actual knowledge of the events upon which their liability is based. Orlicki v. McCarthy, 4 Ill2d 342, 353.

"The Appellate Courts of this State have consistently held this special limitation of the Liquor Control Act applicable to minor plaintiffs. (Shelton v. Woolsey, 20 Ill App2d 401, 405; Steiskal v. Straus, 3 Ill App2d 479.) The United States Court of Appeals for the 7th Circuit also specifically found that the special limitation of the Liquor Control Act is applicable to minors in Seal v. American Legion Post No. 492, (7th Cir) 245 F2d 908. Because of the plain language of the act, and the evident purpose of the limitation, we agree with the foregoing authorities. We know of no such compelling reason that should induce this court to engraft an exception onto the

plain language of the act. We, therefore, hold that the present action involving minor plaintiffs, was required to be filed 'within one year next after the cause of action accrued.' "

In Thompson v. Capasso, 21 Ill App2d 1, 157 NE2d 75 (1959), at page 5, the court stated:

"The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Generally, statutes permitting a new action to be brought after the expiration of the period of limitations, upon the failure of a previous action commenced within that period, have been regarded as applying to 'actions founded upon non-statutory rights or upon rights formerly existing independently of statute.' 34 Am Jur Section 7, p 16, section 280, p 226."

Also see: Lowrey v. Malkowski, 23 Ill App2d 371, 376, 163 NE2d 528 (1959).

In the case at bar, the cause of action accrued on August 1 or 2, 1965, and under section 14, the action would be barred unless commenced within one year from that date. Likewise, a motion for leave to intervene in said action by any persons not named in the pending suit, must be brought within the year next after the accrual of the action.

The appellants' motion for leave to intervene was filed on February 9, 1967—approximately one and one-half years after the cause of action accrued. Consequently, the trial court properly denied appellants' motion for leave to intervene.

88

This conclusion is dispositive of this appeal. Therefore, other points raised on appeal, as well as the motion to dismiss the appeal, need not be considered. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

MORAN and ABRAHAMSON, JJ., concur.