# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Litwiller v. Skar Enterprises, Inc.*, 2011 IL App (4th) 100870

---

| | |
|---|---|
| Appellate Court Caption | JARED D. LITWILLER, Plaintiff-Appellant, v. SKAR ENTERPRISES, INC., d/b/a NV ULTRA LOUNGE; HARRY FULLER; and PHILIP MARTINO, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-10-0870 |
| Filed | October 6, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a dramshop action where the relation-back doctrine applied and plaintiff satisfied the requirements of section 2-616(d) of the Code of Civil Procedure, the appellate court reversed the denial of plaintiff's motion to amend his complaint to add a limited liability corporation as the proper defendant and have the complaint relate back to the filing of the original complaint. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 09-L-208; the Hon. Michael G. Prall, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Terry W. Dodds, of Dodds Law Office, PC, of Bloomington, for
appellant.

Kenneth R. Torricelli, of Torricelli & Limenato, P.C., of Champaign, for
appellee.

Panel

JUSTICE McCULLOUGH delivered the judgment of the court, with
opinion.

Justices Appleton and Cook concurred in the judgment and opinion.

## OPINION

¶ 1     Plaintiff, Jared D. Litwiller, brought an action against defendants, Skar Enterprises, Inc.,
d/b/a NV Ultra Lounge (Skar); Harry Fuller; and Philip Martino, raising assault and battery
claims against Martino and a claim under the Dramshop Act (235 ILCS 5/6-21(a) (West
2008)) against Skar and Fuller. He appeals the trial court's order, granting Fuller's motion
to be dismissed from the case and denying plaintiff's motion to amend his complaint and
substitute Beaufort Street Renewal, LLC (Beaufort), as a defendant. On appeal, plaintiff
argues the court erred by finding the relation-back provisions of section 2-616(d) of the Code
of Civil Procedure (Code) (735 ILCS 5/2-616(d) (West 2008)) were inapplicable due to the
expiration of the one-year limitations period in the Dramshop Act. We reverse and remand.

¶ 2     On December 23, 2009, plaintiff filed his complaint against defendants. He alleged on
February 11, 2009, he was threatened, physically attacked, and injured by Martino at a tavern
owned by Skar and located on property owned by Fuller. Plaintiff maintained, at the time of
the attack, Martino was intoxicated from drinking "alcoholic/intoxicating beverages" that
were served to him at Skar's tavern. On January 19, 2010, Fuller was served with a summons
and a copy of plaintiff's complaint.

¶ 3     On March 30, 2010, Fuller filed a motion to dismiss the complaint. He argued he was not
a proper defendant in the matter and no liability could be had against him under the
Dramshop Act because he was neither the liquor licensee nor the owner of the premises at
issue. Fuller alleged, on the date of the occurrence at issue, Skar was the liquor licensee and
Beaufort was the owner of the premises. He requested plaintiff's claim against him be
dismissed.

¶ 4     On April 12, 2010, plaintiff filed a motion for leave to amend his complaint and apply
the relation-back doctrine. He asserted his original complaint was filed within the one-year
limitations period in the Dramshop Act. Plaintiff agreed he incorrectly named Fuller as the
owner of the premises on which the tavern was located and acknowledged that Beaufort was

the correct owner and proper defendant. However, he asserted that "according to incorporation documents filed with the Illinois Secretary of State, *** Fuller appear[ed] to be a member, if not the only member, of Beaufort." Plaintiff sought to amend his complaint to correct the "misnomer" and substitute Beaufort for Fuller. He also requested that his amended complaint relate back to the original date of filing pursuant to section 2-616(d) of the Code (735 ILCS 2-616(d) (West 2008)).

¶ 5        The same date, plaintiff filed a response to Fuller's motion to dismiss. Therein, he agreed that Fuller was not the owner of the premises at issue but asserted Fuller was the sole member of Beaufort. He attached a printout from the Illinois Secretary of State's website, listing only Fuller as a member of Beaufort. Additionally, plaintiff attached an Internet newspaper article that identified Fuller as the owner of the premises upon which Skar's tavern was located.

¶ 6        On September 29, 2010, the trial court entered its order. The court granted Fuller's motion to dismiss and denied plaintiff's motion to amend the complaint to add Beaufort and relate it back to the original filing date. It stated as follows:

> "The court finds that [Fuller] is correct and that the one year special, jurisdictional statute of limitations [in the Dramshop Act] is a condition precedent to the filing of a dram shop [*sic*] action. The dram shop [*sic*] statute is unlike the general statute of limitation provision which is an affirmative defense to be raised by the defendant."

Later, the court entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Jan. 1, 2006), finding no just reason for delaying either enforcement or appeal of its September 2010 order.

¶ 7        This appeal followed.

¶ 8        On appeal, plaintiff argues the trial court erred by finding he could not amend his complaint to name Beaufort as a defendant and have it relate back to the date of his original, timely filed complaint. He maintains the limitations period in the Dramshop Act does not bar application of the relation-back doctrine under the facts presented.

¶ 9        Cases of mistaken identity, when the wrong person is sued, are governed by section 2-616(d) of the Code (735 ILCS 5/2-616(d) (West 2008)). *Fassero v. Turigliatto*, 349 Ill. App. 3d 368, 371, 811 N.E.2d 252, 255 (2004). In cases of mistaken identity, "the relation-back doctrine does not apply unless the factors set forth in section 2-616(d) are satisfied." *Fassero*, 349 Ill. App. 3d at 370, 811 N.E.2d at 255. That section provides as follows:

> "A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought

-3-

against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2-616(d) (West 2008).

¶ 10    Initially, we note plaintiff's filings with the trial court describe his naming of Fuller as a defendant rather than Beaufort as a misnomer. However, "[m]isnomer applies in those cases where the proper party or real party in interest is sued under the wrong name." *Fassero*, 349 Ill. App. 3d at 370-71, 811 N.E.2d at 255. In such cases, "the relation-back doctrine applies, and the amended complaint naming the proper defendant is considered filed upon the filing date of the original complaint." *Fassero*, 349 Ill. App. 3d at 370, 811 N.E.2d at 255.

¶ 11    Although on appeal plaintiff has abandoned any argument that a misnomer occurred, for purposes of clarity, we point out that this case involves mistaken identity. Plaintiff clearly intended to bring his cause of action against the owner of the premises where the tavern at issue was located. Although he believed the owner to be Fuller, an individual, the actual owner was Beaufort, a corporation. As a result, plaintiff named the wrong party by mistake and had to satisfy the requirements of section 2-616(d) for the relation-back doctrine to apply.

¶ 12    Here, plaintiff clearly satisfied the first requirement of section 2-616(d) because "the time prescribed or limited" for bringing his claims "had not expired when the original action was commenced." 735 ILCS 5/2-616(d) (West 2008). Under the Dramshop Act, actions must be "commenced within one year next after the cause of action accrued" or they will otherwise be barred. 235 ILCS 5/6-21(a) (West 2008). The incident at issue occurred on February 11, 2009, and plaintiff's original complaint was filed within one year of that date, on December 23, 2009.

¶ 13    Plaintiff also satisfied the second requirement of section 2-616(d), requiring notice to the proper defendant, a lack of prejudice, and knowledge by the proper defendant "that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her." 735 ILCS 5/2-616(d)(2) (West 2008). Plaintiff sought to add Beaufort as a defendant due to its status as the owner of the premises at issue. Before the trial court, he alleged Fuller was the sole member of Beaufort and presented documentation to support that claim. Notably, Fuller has not alleged otherwise either before the trial court or on appeal. The record reflects plaintiff named Fuller as a defendant in his original action within the appropriate time limit, believing he was the owner of the premises. On January 19, 2010, Fuller was served with summons and a copy of the original complaint. Service occurred within the appropriate time frame, occurring even before the expiration of the Dramshop Act's one-year limitations period. Under these facts, Beaufort, through Fuller, received

-4-

timely notification of plaintiff's dramshop claim, knew or should have known that a mistake had been made and it was the proper defendant, and suffered no prejudice in maintaining a defense.

¶ 14     Whether plaintiff satisfied the third requirement of section 2-616(d) is the main source of contention between the parties. We point out that the parties' briefs and their citations to authorities were of little help to this court. As will be discussed, they rely on outdated statements of the law and failed to cite to a recent supreme court case that is on point with the issues presented.

¶ 15     Pursuant to section 2-616(d)'s third requirement, plaintiff had to show as follows:

> "[T]he cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery *when the condition precedent has in fact been performed*, and even though the person was not named originally as a defendant." (Emphasis added.) 735 ILCS 2-616(d)(3) (West 2008).

Throughout these proceedings, Fuller has argued that plaintiff failed to meet the requirements of section 2-616(d) because he failed to meet the "condition precedent" of complying "with the special, jurisdictional statute of limitations of the Dramshop Act which require[s] filing a dram shop [*sic*] suit naming the proper party defendant within one year from the date of the incident." We disagree.

¶ 16     As stated, all actions brought pursuant to the Dramshop Act must be commenced within one year after the cause of action accrued. 235 ILCS 5/6-21 (West 2008). Fuller's argument that dramshop claims must be brought within one year against the *proper party defendant* would always foreclose application of section 2-616(d) as that section only becomes relevant when a plaintiff is seeking to add a person not originally named a defendant. We find no support in either the Dramshop Act or case law for Fuller's position. Section 2-616(d) applies in the context of "any statute or contract prescribing or limiting the time within which an action may be brought or right asserted" so long as its three requirements are met. 735 ILCS 5/2-616(d) (West 2008). There is no exception to the relation-back doctrine for cases brought pursuant to the Dramshop Act and, in fact, the doctrine has been applied in such circumstances. See *Cody v. Ladurini*, 109 Ill. App. 2d 116, 125, 249 N.E.2d 315, 319 (1969).

¶ 17     Moreover, Fuller, and the cases he cites, rely on an incorrect statement of the law. Fuller contends the Dramshop Act's one-year limitations period is a "condition precedent" to liability and is a "special statute of limitations which is jurisdictional." He cites cases that set forth a "well-recognized rule that a special limitation in a purely statutory cause of action, unlike a general statute of limitations, operates as a limitation of the liability itself and not the remedy alone." *Demchuk v. Duplancich*, 92 Ill. 2d 1, 6, 440 N.E.2d 112, 114-15 (1982). However, in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 338, 770 N.E.2d 177, 186 (2002), the supreme court was called upon to address the existence of that "well-recognized rule" and rejected it as deriving from an outdated judicial system. Although *Belleville* addresses a statute other than the Dramshop Act, the court used examples

of dramshop cases in its analysis and its reasoning equally applies here.

¶ 18       In *Belleville*, 199 Ill. 2d at 333, 770 N.E.2d at 183, the supreme court considered whether compliance with a limitations period in a purely statutory cause of action was a jurisdictional prerequisite to the plaintiff's right to sue. It held that "*except in the area of administrative review*, the jurisdiction of the circuit court flows from the constitution." (Emphasis in original.) *Belleville*, 199 Ill. 2d at 335, 770 N.E.2d at 185. Pursuant to the constitution, "that jurisdiction extends to all 'justiciable matters.' [Citation.]" *Belleville*, 199 Ill. 2d at 334, 770 N.E.2d at 184. The court rejected the view that "the legislature, in defining a justiciable matter, may impose 'conditions precedent' to the court's exercise of jurisdiction that cannot be waived." *Belleville*, 199 Ill. 2d at 335, 770 N.E.2d at 185.

¶ 19       The supreme court noted the legislature's limited role in defining jurisdiction under the current constitution "stands in stark contrast to the significant role previously exercised by the legislature under our former constitution." *Belleville*, 199 Ill. 2d at 336, 770 N.E.2d at 185. "Under our former constitution *** the circuit court enjoyed 'original jurisdiction of all causes in law and equity.' [Citation.]" *Belleville*, 199 Ill. 2d at 336, 770 N.E.2d at 185. The court noted that "jurisdiction over special statutory proceedings *** derived from the legislature" and, as a result, "in cases involving purely statutory causes of action, [the supreme court] held that unless the statutory requirements were satisfied, a court lacked jurisdiction to grant the relief requested." *Belleville*, 199 Ill. 2d at 336-37, 770 N.E.2d at 185. However, after constitutional amendments in 1964, "the legislature's power to define the circuit court's jurisdiction was expressly limited to the area of administrative review." *Belleville*, 199 Ill. 2d at 337, 770 N.E.2d at 186.

¶ 20       The supreme court held that "the precedential value of case law which examines a court's jurisdiction under the pre-1964 judicial system is necessarily limited to the constitutional context in which those cases arose." *Belleville*, 199 Ill. 2d at 337, 770 N.E.2d at 186. It noted that, despite the limited precedential value of such cases, they continued "to be cited by Illinois courts, without qualification, creating confusion and imprecision in the case law." *Belleville*, 199 Ill. 2d at 338, 770 N.E.2d at 186. The court identified the rule, relied upon by the defendants in that case and Fuller in the present case, as "a rule of law that has its roots in the pre-1964 judicial system." *Belleville*, 199 Ill. 2d at 338, 770 N.E.2d at 186.

> "Under this rule, *** a limitations period contained in a statute that creates a substantive right unknown to the common law, and in which time is made an inherent element of the right, is more than an ordinary statute of limitations; it is a condition of the liability itself and goes to the subject matter jurisdiction of the court." *Belleville*, 199 Ill. 2d at 338, 770 N.E.2d at 186.

¶ 21       The supreme court cited several cases, including dramshop case law cited by Fuller, that set forth this outdated rule of law. *Belleville*, 199 Ill. 2d at 338, 770 N.E.2d at 186. The court then held that "[t]o the extent this proposition has any relevance today, it is confined to the area of administrative review–the only area in which the legislature still determines the extent of the circuit court's jurisdiction." *Belleville*, 199 Ill. 2d at 338, 770 N.E.2d at 186. After discussing applicability of the rule to administrative law, the court emphasized that the rule "is not a rule of general applicability to all statutory causes of action" and "is limited by

the constitutional context in which it first arose." *Belleville*, 199 Ill. 2d at 340, 770 N.E.2d at 187.

¶ 22    The supreme court went on to hold that the limitations period in the Motor Vehicle Franchise Act (Franchise Act) (815 ILCS 710/1 (West 2000)) before it was not a jurisdictional prerequisite to suit. *Belleville*, 199 Ill. 2d at 341, 770 N.E.2d at 188. It then considered whether the limitations period was an element of the plaintiff's claim that the plaintiff was required to plead and prove "rather than an ordinary limitations period, which provides a technical defense to the claim." *Belleville*, 199 Ill. 2d at 342, 770 N.E.2d at 188. It noted the Act before it did not "expressly state an intent by the legislature that the limitations provision be treated as an element of a plaintiff's cause of action." *Belleville*, 199 Ill. 2d at 343-44, 770 N.E.2d at 189. It further pointed out that the Franchise Act contained accrual language that was typical of ordinary statutes of limitation. *Belleville*, 199 Ill. 2d at 344, 770 N.E.2d at 189-90. The court concluded that the language in the Franchise Act before it "militate[d] in favor of its treatment as an ordinary limitations period." *Belleville*, 199 Ill. 2d at 344, 770 N.E.2d at 190.

¶ 23    Here, Fuller relies on cases and case law that have their roots in the pre-1964 judicial system or which state rules of law that derive from administrative proceedings. This case is not appropriately analyzed in a pre-1964 constitutional context or under rules applicable to administrative proceedings. As such, Fuller presents an outdated and imprecise picture of the law (which plaintiff inexplicably failed to address on appeal). Relying on *Belleville*, we find the Dramshop Act's limitation period is not a "condition precedent" to liability or a special, jurisdictional statute of limitations. Additionally, nothing in the Dramshop Act's language would make its limitations period an element of a plaintiff's claim.

¶ 24    Not only are the cases Fuller cites based upon outdated statements of the law, they are also factually distinguishable. He relies heavily on *Leonard v. City of Streator*, 113 Ill. App. 3d 404, 409, 447 N.E.2d 489, 492 (1983), wherein the plaintiffs brought an action against an individual, mistakenly believing him to be the owner and operator of a tavern. Similar to the case at bar, a corporation was the real party in interest, as it owned and operated the business at issue while the named individual was the corporation's president and employee. *Leonard*, 113 Ill. App. 3d at 405-06, 447 N.E.2d at 490.

¶ 25    Importantly, the Third District found the relation-back requirements had not been met because it was undisputed "that the real party in interest, the corporation, had no knowledge of the suit until after the running of the statute of limitations." *Leonard*, 113 Ill. App. 3d at 409, 447 N.E.2d at 492. The record shows the individual originally named in the suit was not served until after the Dramshop Act's one-year limitations period had expired. *Leonard*, 113 Ill. App. 3d at 406, 447 N.E.2d at 490. Were *Leonard* decided under the current version of section 2-616(d), the result may have been different as the current version requires notice "within the time that the action might have been brought or the right asserted against him or her *plus the time for service*." (Emphasis added.) 735 ILCS 5/2-616(d)(2) (West 2008). In any event, for the reasons already expressed, Beaufort, the corporation plaintiff seeks to add as a defendant, had timely notice of plaintiff's dramshop claim.

¶ 26    Fuller also relies on a second case, *Morales v. Fail Safe, Inc.*, 311 Ill. App. 3d 231, 724

N.E.2d 174 (1999), which is similarly distinguishable. Notably, the plaintiff in that case brought two complaints within a year of the alleged occurrence but neither expressly invoked the Dramshop Act. *Morales*, 311 Ill. App. 3d at 237, 724 N.E.2d at 177. Here, plaintiff clearly set forth his claim under the Dramshop Act in his timely, original complaint.

¶ 27    The record reflects plaintiff met each requirement of the relation-back doctrine: his original complaint, setting forth a claim under the Dramshop Act, was timely filed; the appropriate defendant had notice and knowledge of the claim, and would not suffer prejudice in maintaining a defense; and the original and amended complaints grew out of the same transaction or occurrence. Also, the trial court erred by finding the Dramshop Act's one-year limitations period was a "condition precedent" to jurisdiction or a "special" jurisdictional statute of limitations.

¶ 28    The parties agree that Fuller was not an appropriate defendant and the court correctly dismissed him from the case. However, as discussed, plaintiff met each of section 2-616(d)'s requirements and the relation-back doctrine is applicable to the facts presented. The court erred by denying plaintiff's motion to amend his complaint to add Beaufort as a defendant and have it relate back to the date of filing of the original complaint.

¶ 29    For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 30    Reversed and remanded.