2022 IL App (2d) 210297
No. 2-21-0297
Opinion filed February 24, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| FRANCES HERNDON, as Special Administrator of the Estate of Baby Danley, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Kendall County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 17-L-108 |
| JACOB KAMINSKI; BEDROCKS AND THE CAVE, INC., d/b/a Bedrocks Craft Beer and Pizza Bar; SHOREWOOD PLAZA, LLC; KENNETH GROH; RICHARD DUFFIN; JAMESON PUB, INC., d/b/a Skooter's Roadhouse: GUS GELIS; GEORGE GELIS; and PETER GELIS, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Bedrocks and the Cave, Inc.; Kenneth Groh; Richard Duffin; Jameson Pub, Inc.; George Gelis; and Peter Gelis, Defendants-Appellees). | ) ) ) | Honorable Stephen L. Krentz, Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Frances Herndon, as special administrator of the estate of Baby Danley, deceased, appeals from orders of the circuit court of Kendall County dismissing her amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018))

as to defendants Bedrocks and the Cave, Inc., doing business as Bedrocks Craft Beer and Pizza Bar; Shorewood Plaza, LLC; Kenneth Groh; and Richard Duffin (collectively Bedrocks), and granting judgment on the pleadings as to defendants Jameson Pub, Inc., doing business as Skooter's Roadhouse; George Gelis; and Peter Gelis (collectively Skooter's).[1] We affirm.

¶ 2                                          I. BACKGROUND

¶ 3     On June 30, 2017, Alexis Danley was operating a motor vehicle northbound on Ridge Road in Minooka, Illinois, when Jacob Kaminski, an alleged intoxicated person, crossed the center line while driving southbound and collided with Danley's vehicle. As a result of the accident, Danley and her unborn fetus, Baby Danley, died.

¶ 4     Vonta Perry, Baby Danley's father, was appointed special administrator of Baby Danley's estate to sue Kaminski for wrongful death. On January 8, 2018, Perry filed a one-count complaint for wrongful death against Kaminski in La Salle County. Our supreme court consolidated Baby Danley's case with Alexis Danley's pending suit in Kendall County against Kaminski and other defendants. On June 29, 2018, Perry filed an amended complaint adding Bedrocks and Skooter's in Baby Danley's case. Perry alleged that Bedrocks and Skooter's violated the Liquor Control Act of 1934 (235 ILCS 5/6-21 (West 2018)), commonly known as the Dramshop Act, in causing Kaminski's intoxication. The amended complaint also incorporated the wrongful death allegations into those counts directed against Bedrocks and Skooter's, alleged that Kaminski's wrongful and negligent acts or omissions caused Baby Danley's death, and prayed for damages pursuant to the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2018)), rather than the Dramshop Act.

¶ 5     On October 16, 2018, Bedrocks moved to dismiss the amended complaint in Baby Danley's case because (1) Baby Danley's estate is not a proper plaintiff and (2) no cause of action exists

_____

[1] Gus Gelis was dismissed from the suit and is not a party to this appeal.

under the Dramshop Act for the death of an unborn fetus. On November 30, 2018, the court granted that motion. Although the court gave Perry leave to replead, Perry stood on the amended complaint.

¶ 6    On June 12, 2019, the court granted Skooter's motion for judgment on the pleadings. In that motion, Skooter's argued only that no cause of action exists under the Dramshop Act for an unborn fetus.

¶ 7    Perry settled the wrongful death count with Kaminski. On June 11, 2020, the trial court entered an order to finally dispose of Baby Danley's case, and Perry appealed. While that appeal was pending, Perry died, and this court allowed Herndon to substitute as the special administrator of Baby Danley's estate.

¶ 8    When Perry filed the notice of appeal, Alexis Danley's case was still pending. Accordingly, this court dismissed the appeal for lack of appellate jurisdiction. *Herndon v. Kaminski*, No. 2-20-0363 (unpublished summary order under Illinois Supreme Court Rule 23(c)). On May 10, 2021, the trial court made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and Herndon filed a timely notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10    Herndon contends that the trial court erred in granting the respective motions by Bedrocks and Skooter's. As noted, Bedrocks were dismissed pursuant to section 2-615 of the Code. We review *de novo* a section 2-615 dismissal. *Winters v. Wangler*, 386 Ill. App. 3d 788, 793 (2008). Skooter's were granted judgment on the pleadings, which we also review *de novo*. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005).

¶ 11    A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). The question presented on review of a dismissal pursuant to section 2-615 is whether the complaint contains sufficient facts that, if

established, would entitle the plaintiff to relief. *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006). To withstand a section 2-615 motion to dismiss, the plaintiff must allege facts that set forth the elements of a cause of action. *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). We take all well-pleaded facts as true and construe all reasonable inferences from those facts in the plaintiff's favor. *Visvardis*, 375 Ill. App. 3d at 724.

¶ 12    Judgment on the pleadings is proper when the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Gillen*, 215 Ill. 2d at 385. In ruling on a motion for judgment on the pleadings, the court considers only those facts that are apparent on the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record. *Gillen*, 215 Ill. 2d at 385. We take all well-pleaded facts and reasonable inferences therefrom as true. *Gillen*, 215 Ill. 2d at 385. On review, we determine whether there are any issues of material fact and, if not, whether the movant was entitled to judgment as a matter of law. *Gillen*, 215 Ill. 2d at 385.

¶ 13                              A. The Dramshop Act

¶ 14    Subsection (a) of the Dramshop Act provides, in pertinent part, that "[e]very person who is injured within this State, in person or property, by any intoxicated person has a right of action *** against any person, licensed *** to sell alcoholic liquor, who, by selling or giving alcoholic liquor ***, causes the intoxication of such person." 235 ILCS 5/6-21(a) (West 2018). Under the Dramshop Act, an action lies for either loss of support or loss of society, but not both. 235 ILCS 5/6-21(a) (West 2018). " 'Loss of society' " means the "mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection." 235 ILCS 5/6-21(a) (West 2018). " 'Family' " includes a "spouse, children, parents, brothers, and sisters." 235 ILCS 5/6-21(a) (West 2018).

¶ 15    At common law there was no cause of action arising from the sale or gift of alcoholic beverages. *Charles v. Seigfried*, 165 Ill. 2d 482, 486 (1995). Our legislature created a limited statutory cause of action in enacting the Dramshop Act. *Charles*, 165 Ill. 2d at 486-87. The legislature preempted the entire field of alcohol-related liability by enacting the Dramshop Act. *Hicks v. Korean Airlines Co.*, 404 Ill. App. 3d 638, 641 (2010). The Dramshop Act imposes "no-fault" liability for selling or giving intoxicating liquors to persons who subsequently injure third parties. *Charles*, 165 Ill. 2d at 487. The Act is penal in character. *Wessel v. Carmi Elks Home, Inc.*, 54 Ill. 2d 127, 131 (1973). Although serving alcoholic liquors imposes liability on dramshops, that liability is not grounded in tort but arises exclusively from the Dramshop Act. *Jodelis v. Harris*, 118 Ill. 2d 482, 486 (1987). Any extension of liability for damages arising from intoxication must come from the legislature rather than the courts. *Richardson v. Ansco, Inc.*, 75 Ill. App. 3d 731, 732 (1979). The only remedy available to a plaintiff seeking to recover damages resulting from intoxication is an action under the Dramshop Act. *Richardson*, 75 Ill. App. 3d at 732. In construing the Dramshop Act, we are especially mindful that only the legislature has the power to set the terms of recovery and liability, *without interference from the courts*, for an action that was unknown at common law. *McKeown v. Homoya*, 209 Ill. App. 3d 959, 962 (1991). Consequently, our "freedom with which we may act to alleviate perceived injustices" is restricted. *McKeown*, 209 Ill. App. 3d at 962.

¶ 16                    B. The Allegations of the Amended Complaint

¶ 17    The amended complaint alleged the following against Bedrocks and Skooter's. On June 30, 2017, Baby Danley was a viable fetus of Alexis Danley. Baby Danley's surviving "next of kin" were her father, Vonta Perry, and her sister, Alyanna Perry. Vonta Perry brought this suit pursuant to the Wrongful Death Act. On June 30, 2017, the vehicle driven by Kaminski collided with the

vehicle driven by Alexis Danley. Kaminski was guilty of one or more negligent acts or omissions that proximately caused the deaths of Alexis Danley and Baby Danley. Bedrocks and Skooter's sold or gave alcoholic beverages to Kaminski, causing his intoxication, violating the Dramshop Act. "By reason of the wrongful death" of Baby Danley, her "surviving next of kin" suffered losses "described in the Wrongful Death Act."

¶ 18    C. The Dramshop Act and the Wrongful Death Act Are Separate and Distinct Actions

¶ 19    The amended complaint conflates the Dramshop Act with the Wrongful Death Act by incorporating allegations pertinent to a cause of action for wrongful death into the counts against Bedrocks and Skooter's and praying for damages pursuant to the Wrongful Death Act. Yet, the two acts are separate and distinct. *Howlett v. Doglio*, 402 Ill. 311, 319 (1949). The Wrongful Death Act provides for a cause of action for a death caused by another's wrongful act or negligence under circumstances that would have permitted the injured person to recover had death not ensued. *Hall v. Gillins*, 13 Ill. 2d 26, 29-30 (1958). The purpose of the Wrongful Death Act is to grant an action for the benefit of the decedent's widow or next of kin. *Howlett*, 402 Ill. at 319. "Next of kin" means those persons who would take the decedent's property according to the statutory rules of intestate distribution. *Mio v. Alberto-Culver Co.*, 306 Ill. App. 3d 822, 826 (1999). Under the Wrongful Death Act, an action cannot be maintained except in cases where the injured person himself could have maintained the action. *Howlett*, 402 Ill. at 319.

¶ 20    By contrast, to maintain an action under the Dramshop Act, it is unnecessary that an action could also be brought against the alleged intoxicated person. *Howlett*, 402 Ill. at 319. Under the Dramshop Act, a spouse, children, parents, brothers, and sisters—rather than "next of kin"—may sue. 235 ILCS 5/6-21(a) (West 2018). Damages under the Dramshop Act are limited to loss of means of support or loss of society, but not both. 235 ILCS 5/6-21(a) (West 2018). "The rights

created by the two statutes do not rest upon the same basis." *Howlett*, 402 Ill. at 319. As noted, liability for Bedrocks and Skooter's, if any, arises exclusively from the Dramshop Act. *Jodelis*, 118 Ill. 2d at 486. The Dramshop Act " 'cannot be made analogous to other actions.' " *Howlett*, 402 Ill. at 318 (quoting *Sharpley v. Brown*, 43 Hun 374 (N.Y. 1877)).

¶ 21                    D. Whether Baby Danley's Estate Is the Correct Plaintiff

¶ 22    We first address defendants' argument that Baby Danley's estate is not a proper plaintiff. Bedrocks filed a motion to dismiss the amended complaint, asserting that (1) the estate is not the proper plaintiff and (2) an unborn fetus does not have a cause of action under the Dramshop Act. Skooter's did not raise the issue of whether the estate is a proper plaintiff before the trial court. It is well established that failure to raise defects in pleadings before the trial court forfeits any error on review. *Thilman & Co. v. Esposito*, 87 Ill. App. 3d 289, 295 (1980). Accordingly, as to Skooter's, we deem this issue forfeited.

¶ 23    Bedrocks argue that, as Baby Danley's estate cannot be injured in means of support or society, Perry had to sue individually rather than as the representative of the estate. Bedrocks also argue that Perry was appointed special estate administrator only to pursue a wrongful death action against Kaminski.

¶ 24    On January 9, 2018, the circuit court appointed Perry special administrator of Baby Danley's estate "for purposes of pursuing a wrongful death claim on behalf of the heirs of the decedent, Baby Danley." A wrongful death claim must be filed by a representative of the decedent on behalf of the decedent's estate. *Nagel v. Inman*, 402 Ill. App. 3d 766, 770 (2010). Thus, for purposes of a wrongful-death suit, the next of kin suing in his or her individual capacity is not a proper plaintiff. *Nagel*, 402 Ill. App. 3d at 770.

¶ 25    On the other hand, the Dramshop Act provides, in pertinent part, that "[e]very person who is injured *** by any intoxicated person has a right of action *in his or her own name*" against a dramshop that causes the intoxication of such person. (Emphasis added.) 235 ILCS 5/6-21(a) (West 2018). Section 6-21(a) further provides, in pertinent part:

> "[A]ny person claiming to be injured in means of support or society and not included in any action brought hereunder may join by motion made within the times herein provided for bringing such action[,] or the personal representative of the deceased person from whom such support or society was furnished may so join." 235 ILCS 5/6-21(a) (West 2018).

¶ 26    Bedrocks argue that, as Perry is deceased, only Alyanna Perry, Baby Danley's sister, can sue for loss of society. Bedrocks maintain that Alyanna cannot substitute as plaintiff because the statute of limitations has expired.[2] Bedrocks also maintain that Herndon cannot add herself as an individual plaintiff, because the statute of limitations for doing so has expired, and, as Baby Danley's grandmother, she is not among those entitled to sue.

¶ 27    This issue is clouded by the unconventional way the amended complaint is pleaded. It is well established that a dramshop cause of action is *sui generis* and "purely a creature of statute." *Demchuk v. Duplancich*, 92 Ill. 2d 1, 5 (1982). The liability imposed by the Dramshop Act and the damages recoverable thereunder are exclusively defined in the Act. *Demchuk*, 92 Ill. 2d at 5. Our

---

[2] Actions under the Dramshop Act must be commenced within one year after the cause of action accrued. 235 ILCS 5/26-1(a) (West 2018); *Litwiller v. Skar Enterprises, Inc.*, 2011 IL App (4th) 100870, ¶ 12.

supreme court has consistently refused to recognize any cause of action for alcohol-related liability beyond those provisions found in the Dramshop Act. *Charles*, 165 Ill. 2d at 489.

¶ 28    Yet, as Bedrocks aptly note, Perry attempted to sue Bedrocks and Skooter's for wrongful death. The counts against Bedrocks and Skooter's, in addition to alleging a violation of the Dramshop Act, incorporated the allegation that Perry was suing pursuant to the Wrongful Death Act. Those counts also incorporated all of the allegations against Kaminski and further alleged that Kaminski's "wrongful and negligent acts or omissions" proximately caused the deaths of Alexis Danley and Baby Danley. Finally, the amended complaint prayed for damages against Bedrocks and Skooter's and in favor of Baby Danley's "next of kin" as "described in the Wrongful Death Act."

¶ 29    Because the amended complaint attempted to plead a wrongful death cause of action against Bedrocks and Skooter's arising out of their sale or gift of alcoholic liquor to Kaminski, the issue of who is the proper plaintiff depends upon whether the Wrongful Death Act applies to Bedrocks and Skooter's. As noted, a wrongful-death claim can be brought only by a representative of the decedent's estate. *Nagel*, 402 Ill. App. 3d at 770. The real issue—which the trial court ruled on—is whether the amended complaint states a claim upon which the court can grant relief. See *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1069 (1992) (one of six bases for attacking pleadings pursuant to section 2-615 is that the pleading fails to state a claim upon which relief can be granted). That question turns upon whether the Wrongful Death Act can be superimposed upon the Dramshop Act.

¶ 30    At oral argument, Herndon's counsel argued that the amended complaint asked for damages solely pursuant to the Dramshop Act. However, each count that is clearly labeled "Dram Shop Act" (counts II through IX) prays for judgment "in an amount to fully and fairly compensate

the Plaintiff for their [*sic*] losses under the terms of the Wrongful Death Act *** and for such sums as the Court may find just and proper, together with costs of suit in excess of Fifty Thousand Dollars ($50,000)." The prayer for unlimited damages over $50,000 is inconsistent with the limited damages recoverable under the Dramshop Act. See *Walter v. Carriage House Hotels, Ltd.*, 164 Ill. 2d 80, 93 (1995) (one of the significant restrictions on dramshop liability is the limited amount of damages recoverable by injured persons). Given that the amended complaint repeats this prayer for relief eight times, we reasonably infer that the amended complaint attempts to superimpose the Wrongful Death Act on the Dramshop Act. The only purpose for doing so is the recognition that the Wrongful Death Act provides for recovery for the wrongful death of an unborn fetus (see 740 ILCS 180/2.2 (West 2018)) while the Dramshop Act contains no similar provision.

¶ 31                    E. Whether a Cause of Action Exists

¶ 32    This appeal requires us to construe the Dramshop Act. We begin with the familiar canons of statutory construction. The court's primary objective in interpreting a statute is to ascertain and give effect to the legislature's intent. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). The most reliable indicator of that intent is the statute's plain language. *Earth Foods*, 238 Ill. 2d at 461. When the language is clear, it must be applied as written without resort to aids of construction. *Earth Foods*, 238 Ill. 2d at 461. Courts may not depart from the statute's plain language by reading in exceptions, limitations, or conditions that conflict with the legislature's intent. *Earth Foods*, 238 Ill. 2d at 461. When reviewing a statute, we consider the entire provision, considering its intended subject matter. *Cassidy v. China Vitamins, LLC*, 2018 IL 122873, ¶ 17.

¶ 33    Herndon's argument proceeds as follows. In 1980, the legislature codified a cause of action for an unborn fetus under the Wrongful Death Act. See 740 ILCS 180/2.2 (West 2018). Under the

Wrongful Death Act, a plaintiff may recover for the "loss of society" of an unborn fetus. See *Thornton v. Garcini*, 364 Ill. App. 3d 612, 619 (2006); *Seef v. Sutkus*, 145 Ill. 2d 336, 338 (1991). Because the legislature subsequently added "loss of society" to the Dramshop Shop Act in 1998 (see Pub. Act 90-111, § 3 (eff. July 14, 1997) (amending 235 ILCS 5/6-21(a))), the legislature intended both acts to encompass damages for the death of an unborn fetus.

¶ 34    Herndon observes that the loss-of-society pattern jury instruction (see Illinois Pattern Jury Instructions, Civil, No. 31.11 (2011)), although contained within the series of instructions for wrongful death, is also given whenever any other instruction uses the phrase "loss of society." From this, Herndon concludes that "loss of society," as used in the Dramshop Act, has the same meaning ascribed to that phrase under the Wrongful Death Act.

¶ 35    Herndon's argument is unavailing. We may seek guidance from judicial interpretations of statutes that serve similar purposes in interpreting an *ambiguous* statute. *Barrall v. Board of Trustees of John A. Logan Community College*, 2019 IL App (5th) 180284, ¶ 10. The term "loss of society" is not ambiguous as used in the Dramshop Act and Herndon does not argue otherwise. " 'Loss of society' " is defined as "the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection." 235 ILCS 5/6-21(a) (West 2018). Therefore, we need not seek construction aids. See *Grady v. Marchini*, 375 Ill. App. 3d 174, 177 (2007) (only when the statutory language renders the meaning unclear will courts resort to aids for construction). Even if we were to look beyond the plain words of the Dramshop Act, the Wrongful Death Act offers no guidance because it does not serve a similar purpose to the Dramshop Act. Liability under the Dramshop Act is "exclusive, *sui generis*," and "nontort." (Internal quotation marks omitted.) *Jodelis*, 118 Ill. 2d at 486. The two acts are separate and distinct. *Howlett*, 402 Ill. at 319. In *Howlett*, our supreme

court declared that the "basic purposes and objectives" of the two statutes are "essentially different." *Howlett*, 402 Ill. at 317. The Dramshop Act " 'cannot be made analogous to other actions.' " *Howlett*, 402 Ill. at 318 (quoting *Sharpley*, 43 Hun 374). Particularly, the Dramshop Act is not predicated on negligence. *Walter*, 164 Ill. 2d at 89. As potential liability for Bedrocks and Skooter's is "no-fault" (see *Walter*, 164 Ill. 2d at 93 (dramshop actions are no-fault)), cases imposing liability in tort simply are not applicable.

¶ 36 Herndon's argument is also flawed because she conflates "damages" with "damage." Herndon notes, especially in her reply brief, that "loss of society" is defined in the Dramshop Act as the mutual benefits that "each family member receives from the other's continued existence." Herndon employs the dictionary definition of "existence" to mean "the state or fact of having being." Thus, Herndon argues, "the existence of a family member, regardless of the state of development or age, is what triggers the [cause of] action."

¶ 37 "Damages" are the compensation awarded for the damage suffered. *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 627 (2008). "Loss of society" is a noneconomic element of pecuniary damages. *Drews v. Gobel Freight Lines, Inc.*, 197 Ill. App. 3d 1049, 1056 (1990). "Damage" is the harm suffered by an injury. *Mulligan*, 382 Ill. App. 3d at 627. Herndon argues that the injury here is that Baby Danley ceased to exist. Herndon ignores that here the "harm suffered by an injury" was inflicted by a driver whose intoxication was allegedly caused by Bedrocks and Skooter's. There is no escaping that the amended complaint encompasses alcohol-related liability. We cannot, under the guise of statutory construction, enlarge the classification of actionable injuries provided for in the Dramshop Act. *Knierim v. Izzo*, 22 Ill. 2d 73, 80 (1961). It is well established that any extension of liability for damages arising from intoxication must come from the legislature rather than the courts. *Richardson*, 75 Ill. App. 3d at 732. To that end, our supreme

court has rejected any cause of action for alcohol-related liability beyond those "explicitly" provided for in the Dramshop Act. *Charles*, 165 Ill. 2d at 489.

¶ 38     For these reasons, we also reject Herndon's argument that, because "person" includes an unborn fetus under the Wrongful Death Act, the meaning of a "person who is injured" under the Dramshop Act includes an unborn fetus. As defendants note, the legislature amended the Wrongful Death Act in 1980 to provide for recovery on behalf of an unborn fetus. In almost 42 years, the legislature has not similarly amended the Dramshop Act.

¶ 39     Bedrocks and Skooter's argue that the legislature did not define "person" in the Dramshop Act and, therefore, the definition adopted in the Statute on Statutes applies. Section 1.36(a) of the Statute on Statutes provides that, in determining the meaning of any statute, the word " 'person' " shall include every infant member of the species homo sapiens "who is born alive at any stage of development." 5 ILCS 70/1.36(a) (West 2018). Unfortunately, Baby Danley was not born alive.

¶ 40     Lastly, Herndon asserts that excluding an unborn fetus violates the intent and purpose of the Dramshop Act, which is to "provide a constraint on those who dispense liquor to the public." For this proposition, Herndon relies on *Muranyi v. Turn Verein Frisch-Auf*, 308 Ill. App. 3d 213, 218 (1999) (the Dramshop Act is primarily a police-power regulation intended to protect the public by controlling the evils resulting from the liquor trade). Herndon argues that prohibiting family members from recovering for the loss of society of an unborn fetus grants immunity to liquor purveyors that contribute to collisions causing fatalities. Herndon contends that it is "logically indefensible" to say that Baby Danley could recover if she had been born alive but badly injured but cannot recover because her injuries killed her before she was born.

¶ 41     We are not unsympathetic to Herndon's arguments. Yet, we are the wrong forum in which to address these pleas. We simply do not possess authority to judicially amend the Dramshop Act.

"[C]ourts may not enact or amend statutes." *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394 (1998). "A court cannot restrict or enlarge the meaning of an unambiguous statute." *Henrich*, 186 Ill. 2d at 394. There is a difference between statutory interpretation and correcting an apparent legislative oversight by judicially rewriting the statute. See *People v. McClure*, 218 Ill. 2d 375, 388 (2006). We cannot do the latter. *McClure*, 218 Ill. 2d at 388. Nor can we create new rights not suggested by the statutory language. *People v. Bowden*, 313 Ill. App. 3d 666, 671 (2000). Our supreme court has reminded us that, in the field of alcohol-related liability, the " 'primary expression of Illinois public and social policy should emanate from the legislature.' " *Wakulich v. Mraz*, 203 Ill. 2d 223, 232 (2003) (quoting *Charles*, 165 Ill. 2d at 493). Given that we cannot create liability beyond what "explicitly" appears in the Dramshop Act (see *Charles*, 165 Ill. 2d at 489), if we were to read the words "unborn fetus" into the Dramshop's loss-of-society definition, we would be rewriting the statute rather than interpreting it. Accordingly, we hold that the trial court properly dismissed Herndon's amended complaint against Bedrocks and properly granted judgment on the pleadings as to Skooter's.

¶ 42                                  III. CONCLUSION

¶ 43    For the foregoing reasons, we affirm the judgment of the circuit court of Kendall County.

¶ 44    Affirmed.

**No. 2-21-0297**

| | |
|---|---|
| **Cite as:** | *Herndon v. Kaminski*, 2022 IL App (2d) 210297 |
| **Decision Under Review:** | Appeal from the Circuit Court of Kendall County, No. 17-L-108; the Hon. Stephen L. Krentz, Judge, presiding. |
| **Attorneys for Appellant:** | John M. Spesia and Jacob E. Gancarczyk, of Spesia & Taylor, of Joliet, for appellant. |
| **Attorneys for Appellee:** | Robert F. Hogan and Anne-Marie Foster, of Nyhan Bambrick Kinzie & Lowry, P.C., and Scott J. Brown and Julie A. Teuscher, of Cassiday Schade, LLP, both of Chicago, for appellees. |