2023 IL App (1st) 220011

FIRST DISTRICT
THIRD DIVISION
December 13, 2023

No. 1-22-0011

| | | |
|---|---|---|
| THOMAS MITCHELL, Administrator on Behalf of the Estate of Sandra Mitchell, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| MICHAEL'S SPORTS LOUNGE and MADD ANTHONY'S BAR AND GRILL/LACOCO PIZZA AND SPORTS CLUB, | ) ) ) ) | No. 20 L 11343 |
| Defendants | ) ) | |
| (Michael's Sports Lounge, | ) ) ) | Honorable Melissa A. Durkin, Judge Presiding. |
| Defendant-Appellee). | ) | |

PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.
Justices D.B. Walker and R. Van Tine concurred in the judgment and opinion.

**OPINION**

¶ 1    After consuming alcoholic beverages at Michael's Sports Lounge (MSL), Robert Cantu, while operating a motor vehicle on May 20, 2018, struck and killed pedestrian Sandra Mitchell (Sandra). Sandra's husband, Thomas Mitchell (Thomas), as the administrator of her estate, filed a complaint under section 6-21 of the Liquor Control Act of 1934 (235 ILCS 5/6-21 (West 2018))—commonly referred to as the Dramshop Act—against MSL in the circuit court of Cook County on October 22, 2020. MSL subsequently filed a motion for summary judgment under section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2020)), arguing that the claim was barred by the one-year limitation period in the Dramshop Act (235 ILCS 5/6-

21(a) (West 2018)).

¶ 2    In this appeal, Thomas challenges the circuit court order granting summary judgment in favor of MSL and dismissing the claim. Asserting that he filed the Dramshop Act claim on behalf of himself and his two minor children, Thomas maintains that the children's minority tolls the limitation period. Thomas alternatively contends that the claim was timely filed based on the "discovery rule"; *i.e.*, Thomas did not have notice that Cantu was potentially overserved at MSL until Thomas met with prosecutors on October 23, 2019, which was less than one year before the lawsuit was filed. For the reasons discussed below, we affirm.

¶ 3                                      BACKGROUND

¶ 4                                      *The Complaint*

¶ 5    Thomas, as administrator of Sandra's estate, filed a two-count complaint on October 22, 2020, in the circuit court of Cook County against two defendants: MSL and LaCoco's Pizza Inc. doing business as LaCoco's Pizza & Wings (LaCoco).[1] The complaint alleged, in part, as follows.

¶ 6    From May 19 until the morning of May 20, 2018, MSL served numerous alcoholic beverages to Cantu, who became "visibly intoxicated." Cantu and an "unknown employee" of MSL then went to LaCoco, where Cantu continued to consume alcoholic beverages. At approximately 3:30 a.m. on May 20, 2018, Sandra was struck and killed by Cantu's vehicle in the 5100 block of South Archer Avenue in Chicago.

¶ 7    Cantu was criminally prosecuted for Sandra's death. During the investigation in the criminal case, Thomas met with prosecutors on October 23, 2019. On that date, Thomas "became

---

[1]The complaint named "Madd Anthony's Bar and Grill/LaCoco Pizza and Sports Club" as a defendant. As noted herein, the correct entity is LaCoco's Pizza Inc. doing business as LaCoco's Pizza & Wings.

aware of the names of the bars in question"—MSL and LaCoco—"and the fact that their employees served Cantu alcohol[ic] beverages."

¶ 8    Count I alleged a Dramshop Act claim, *i.e.*, that due to Cantu's intoxication from service at MSL and LaCoco, he drove while impaired, resulting in Sandra's fatal injuries. Count II alleged a wrongful death/survival claim under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2018)). Count II stated, in part, that Sandra "left two minor daughters and her husband, Thomas Mitchell, who brings this action on her behalf."

¶ 9                           *Motions to Dismiss and Related Matters*

¶ 10    MSL filed a motion to dismiss the complaint, arguing that count I was time-barred by the one-year limitation period in the Dramshop Act (235 ILCS 5/6-21(a) (West 2018)) and count II was time-barred by the two-year limitation period in the Wrongful Death Act (740 ILCS 180/2(d) (West 2018)).

¶ 11    While the motion to dismiss was pending, Thomas filed a motion to amend the complaint. Attached to the motion was a proposed amended complaint, which included a single count against MSL and LaCoco captioned "Wrongful Death/Survival Action, Dram Shop Act." As discussed below, there is no indication in the record on appeal that the motion to amend was ruled upon or that the amended complaint was ever filed.

¶ 12    In his response to MSL's motion to dismiss, Thomas argued that his cause of action was timely for two reasons. Thomas initially claimed that the action was brought on his behalf and on behalf of his children, who "are entitled to half of the share of the proceeds of this case." According to Thomas, the limitation period had not yet begun to accrue since the children had not yet reached the age of majority. Thomas also argued that the action survived pursuant to the "discovery rule," which postpones accrual until an injured plaintiff knows or reasonably should

have known that he has been injured and that his injury was wrongfully caused. Thomas maintained that he did not learn that the employees of MSL and LaCoco caused or contributed to Cantu's intoxication until Thomas's meeting with prosecutors on October 23, 2019.

¶ 13    The circuit court denied MSL's motion to dismiss, finding that there was a question of fact as to whether the discovery rule tolls the running of the limitation period. The circuit court further found that recovery on behalf of Sandra's two minor children under the Wrongful Death Act is tolled until they reach the age of majority.

¶ 14    MSL and LaCoco then each filed motions to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)). The defendants contended that the Wrongful Death Act count must be dismissed since the Dramshop Act is the exclusive remedy in Illinois for holding providers of alcohol liable for the actions of an intoxicated individual. The defendants further asserted that the Dramshop Act count should be dismissed, as the discovery rule does not apply when the decedent's death is caused by a sudden traumatic event and the applicable limitation period would commence upon the occurrence of the traumatic event.

¶ 15    After briefing, the circuit court entered an order on April 21, 2021, dismissing with prejudice the count under the Wrongful Death Act (count II); the circuit court concluded that the Dramshop Act provides the exclusive remedy under these circumstances. As to count I, the circuit court denied the requests to dismiss the claim as time-barred. The circuit court found that the Dramshop Act contains no provisions that toll a minor's claim. The circuit court further found that a claim under the Dramshop Act accrues—and the limitation period starts to run— when an individual knows or reasonably should know of his injury and knows or reasonably should know that it was wrongfully caused. According to the circuit court, the "missing fact" herein was precisely when Thomas learned that the collision was caused by Cantu's intoxication.

¶ 16                                *Motion for Summary Judgment*

¶ 17     MSL and LaCoco each filed an answer to the complaint and an affirmative defense, *i.e.*, that the Dramshop Act claim was time-barred. MSL and LaCoco also filed a joint motion for summary judgment pursuant to section 2-1005 of the Code (*id.* § 2-1005). The defendants contended that the sole issue was when Thomas was placed on notice that Sandra's death was caused by an intoxicated driver. In his answers to LaCoco's requests to admit, Thomas admitted that he knew within seven days after the crash that the at-fault driver was intoxicated and had been arrested for drunk driving. According to defendants, the limitation period commenced at that point, and Thomas had a duty to further investigate this claim. Given that the one-year limitation period would have expired in May 2019, the defendants argued that the October 2020 complaint was untimely. MSL and LaCoco further contended that the discovery rule does not apply to sudden traumatic events, such as an automobile crash, as recognized in *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 362 (1995). Citing *Demchuk v. Duplancich*, 92 Ill. 2d 1, 9 (1982), the defendants also maintained that there is no tolling of the time limitation for minors under the Dramshop Act.

¶ 18     Thomas responded, in part, that nothing about Cantu's intoxication or Sandra's death alerted him that Cantu consumed alcohol in an Illinois establishment that serves alcohol; *e.g.*, he could have become intoxicated at home or at a party. While Thomas acknowledged that he had sufficient notice to identify Cantu as a potential defendant in May 2018, Thomas maintained that he did not learn until October 23, 2019, that Cantu may have been overserved by MSL or LaCoco.

¶ 19     Prior to a ruling on the motions for summary judgment, LaCoco agreed to settle and was dismissed from the case. In an order entered on December 23, 2021, the circuit court granted

MSL's motion for summary judgment and held that Thomas's claims were time-barred under the one-year limitation period in the Dramshop Act. Thomas filed this timely appeal.

¶ 20                                                    ANALYSIS

¶ 21    Thomas contends on appeal that the Dramshop Act claim was timely filed and thus the circuit court erred in granting MSL's motion for summary judgment and dismissing the claim. MSL argues that the circuit court correctly concluded that the claim was time-barred. Prior to considering the parties' contentions, we initially address an issue with Thomas's opening brief.

¶ 22    MSL observes that portions of Thomas's statement of facts are incorrect. We agree. For example, Thomas represents that a single-count first amended complaint was filed. Based on our review of the record, Thomas filed a motion to amend the complaint, but it was not presented to the circuit court or ruled upon. The operative complaint is thus the original (and only) complaint. Thomas also maintains that the action was brought by him, on behalf of Sandra's estate, and his two minor daughters. His daughters, however, were not named as plaintiffs in the complaint. Thomas further asserts that count II of the complaint—under the Wrongful Death Act—was dismissed without prejudice pursuant to his request. Rather, the circuit court dismissed this count *with* prejudice, and he does not challenge this dismissal on appeal.

¶ 23    Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) requires that the statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment." A reviewing court may strike a statement of facts when the improprieties hinder our review. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 9. While the errors in Thomas's brief do not rise to this level, we remind the parties and their counsel that our supreme court rules are not suggestions but rather have the force of law and must be followed. See *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL

126507, ¶ 37. We now turn to the merits of the appeal.

¶ 24                                        *Summary Judgment*

¶ 25     The circuit court granted summary judgment in favor of MSL. Under section 2-1005(c)

of the Code, summary judgment is appropriate where "the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

735 ILCS 5/2-1005(c) (West 2020). When considering whether a genuine issue of material fact

exists, a court construes the evidence in the light most favorable to the nonmoving party and

strictly against the movant. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 31.

¶ 26     We review an order granting summary judgment *de novo*. *Robinson v. Village of Sauk

Village*, 2022 IL 127236, ¶ 16. The construction of a statute, *e.g.*, the Dramshop Act, also

presents a question of law subject to *de novo* review. See *id.* ¶ 17. "*De novo* review means that

we perform the same analysis a trial court would perform." *Watson v. Legacy Healthcare

Financial Services, LLC*, 2021 IL App (1st) 210279, ¶ 29.

¶ 27                                        *The Dramshop Act*

¶ 28     At common law, there was no cause of action arising from the gift or sale of alcoholic

beverages. *Herndon v. Kaminski*, 2022 IL App (2d) 210297, ¶ 15. The rationale for the common-

law rule is that "the drinking of the intoxicant, not the furnishing of it, is the proximate cause of

the intoxication and the resulting injury." *Charles v. Seigfried*, 165 Ill. 2d 482, 486 (1995).

¶ 29     The Illinois legislature created a limited statutory cause of action in enacting the

Dramshop Act. *Herndon*, 2022 IL App (2d) 210297, ¶ 15; see also *Morales v. Fail Safe, Inc.*,

311 Ill. App. 3d 231, 236 (1999) (noting that the Dramshop Act has no common-law

counterpart). "The Dramshop Act imposes 'no-fault' liability for selling or giving intoxicating

liquors to persons who subsequently injure third parties." *Herndon*, 2022 IL App (2d) 210297, ¶ 15. The statute is penal in character, and dramshop liability in Illinois is not grounded in tort but instead exclusively arises from the Dramshop Act. *Id.* The Dramshop Act is also unique in that—unlike general tort liability—any wrongdoing or fault on the defendant's part is not essential to liability and the statute imposes liability upon parties other than the individual who directly caused the injury. *Morales*, 311 Ill. App. 3d at 236. Illinois courts have routinely held that a dramshop cause of action is *sui generis*. *Herndon*, 2022 IL App (2d) 210297, ¶ 27; accord *Graham v. General U.S. Grant Post No. 2665, V.F.W.*, 43 Ill. 2d 1, 7 (1969).

¶ 30     To establish a claim under the Dramshop Act, a plaintiff must prove:

> "(1) the alleged intoxicated person was intoxicated at the time of the occurrence;
> (2) defendant sold or gave alcohol to the alleged intoxicated person; (3) the alcohol
> provided caused the intoxication of the alleged intoxicated person; (4) the intoxication, at
> least in part, was a proximate cause of the plaintiff's injuries; and (5) as [a] result of the
> occurrence, the injured person suffered personal injuries, damage to property, loss of
> means of support, or loss of society." *Fuller v. Benny's Corner Bar & Grill, Inc.*, 2022 IL
> App (3d) 180670, ¶ 95.

See 235 ILCS 5/6-21(a) (West 2018). Each year, the Comptroller is required to determine the liability limits for causes of action brought under the Dramshop Act in accordance with a specified consumer price index. 235 ILCS 5/6-21(a) (West 2018).

¶ 31     The Dramshop Act provides that "[e]ach action hereunder shall be barred unless commenced within one year next after the cause of action accrued." *Id.* As discussed further

below, the parties in this case disagree regarding the scope and application of this provision.

¶ 32                              *Minor Children—Limitation Period*

¶ 33     Thomas maintains that he brought a dramshop action on behalf of himself and his two

minor daughters. According to Thomas, applying "well-established common law principles," the

children's minority tolls the limitation period, and thus the Dramshop Act claim was timely.

As discussed below, we reject this contention.

¶ 34     The complaint was brought by "Thomas Mitchell, administrator on behalf [o]f the estate

of Sandra Mitchell." His minor children were not expressly named as plaintiffs. Although

Thomas's argument is not entirely clear, he appears to contend that his children implicitly are

parties to the action via section 2-1 of the Probate Act of 1975 (755 ILCS 5/2-1 (West 2018)),

which generally provides for the distribution of one-half of a decedent's intestate estate to the

surviving spouse and one-half to the decedent's descendants. Even assuming *arguendo* that the

children were parties to the action, we do not find that their minority tolls the limitation period.

¶ 35     Thomas cites two Illinois Supreme Court cases that consider the effect of a child's

minority on the running of the statute of limitations in a medical malpractice action: *Ferguson v.*

*McKenzie*, 202 Ill. 2d 304 (2001), and *Bruso v. Alexian Brothers Hospital*, 178 Ill. 2d 445

(1997). While Thomas suggests these cases address common-law tolling principles, we observe

that both *Ferguson* and *Bruso* involve statutes that explicitly delineate the effect of a child's

minority on the calculation of the limitation period. See *Ferguson*, 202 Ill. 2d at 313 (finding that

the one-year limitation period in the Local Governmental and Governmental Employees Tort

Immunity Act (745 ILCS 10/8-101 (West 1998)) required the plaintiff to file her medical

malpractice action on or before her nineteenth birthday); *Bruso*, 178 Ill. 2d at 461 (holding that,

"where a plaintiff in a medical malpractice action is a minor and also under another legal

disability such as mental incompetency, the plaintiff's action is subject to the tolling provision of section 13-212(c) [of the Code (735 ILCS 5/13-212(c) (West 1994))] and not the eight-year repose period of section 13-212(b) [(*id.* § 13-212(b))]"). Unlike the statutes at issue in *Ferguson* and *Bruso*, no language in the Dramshop Act provides an exception for minors with respect to the limitation period.

¶ 36     More significantly, the Illinois Supreme Court in *Demchuk*, 92 Ill. 2d 1, expressly held that the one-year limitation period set forth in the Dramshop Act is not tolled by a plaintiff's minority. Our supreme court stated that "[w]hether a change in the law should be effected in this statutory cause of action to exempt minors *** from the one-year requirement is not for judicial determination where, as here, the legislature has clearly concluded that the benefits of the limitation" —*e.g.*, avoiding "the evils of long-delayed litigation" — "outweigh the possibility that a minor['s] *** claim will be barred by the failure of a personal representative to institute suit within one year." *Id.* at 8-9.

¶ 37     Thomas contends that *Demchuk* was overruled by the Illinois Supreme Court in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), as recognized in *Litwiller v. Skar Enterprises, Inc.*, 2011 IL App (4th) 100870. As discussed below, we disagree.

¶ 38     In a series of cases referred to as the *Belleville Toyota* cases, our supreme court recognized the effect that the 1964 and 1970 amendments to the Illinois Constitution made to the power of courts to exercise subject-matter jurisdiction. See *In re Nathan A.C.*, 385 Ill. App. 3d 1063, 1069 (2008). In *Belleville Toyota*, the Illinois Supreme Court considered whether the failure to comply with a statutory requirement or prerequisite can deprive a circuit court of subject-matter jurisdiction. *Belleville Toyota*, 199 Ill. 2d at 334. The *Belleville Toyota* court noted that cases like *Demchuk* had found that, where a statute has a " 'built-in' " limitation

period, compliance with the limitation period is a "jurisdictional prerequisite to the plaintiff's right to sue." *Id.* at 333. Rejecting this concept, the *Belleville Toyota* court stated: "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Id.* at 334.

¶ 39　　In *Litwiller*, 2011 IL App (4th) 100870, the plaintiff filed a Dramshop Act claim within one year of his injury but subsequently learned that he mistakenly failed to name the owner of the tavern premises. The circuit court denied the plaintiff's motion to amend the complaint to add the correct defendant and relate it back to the original filing date. *Id.* ¶ 1. The appellate court reversed the dismissal of his complaint, finding that the requirements of section 2-616(d) of the Code (735 ILCS 5/2-616(d) (West 2008)) for "relation back" were satisfied. *Litwiller*, 2011 IL App (4th) 100870, ¶ 28. In so holding, the appellate court rejected the defendant's contention that the Dramshop Act's one-year limitation period is a " 'condition precedent' " to liability and is a " 'special statute of limitations which is jurisdictional.' " *Id.* ¶ 17. Citing *Belleville Toyota*, the *Litwiller* appellate court suggested that *Demchuk*—which had its roots in the pre-1964 judicial system—incorrectly held that the Dramshop Act's limitation period was a " 'condition precedent' " to liability or a special jurisdictional statute of limitations. *Id.* ¶ 23.

¶ 40　　We initially note that, while *Litwiller* held that there is no exception to the relation-back doctrine for Dramshop Act cases (*id.* ¶ 16), the case at bar does not involve such doctrine. In any event, although we agree with *Litwiller* that—based on *Belleville Toyota* and its progeny—the one-year limitation period in the Dramshop Act is not a condition precedent to jurisdiction, we do not read *Belleville Toyota* as expressly overruling or implicitly invalidating the fundamental holding of *Demchuk*, *i.e.*, that the one-year limitation period is not tolled by a plaintiff's

minority.[2]

¶ 41 As an action under the Dramshop Act must be commenced within one year after the cause of action accrued (*Herndon*, 2022 IL App (2d) 210297, ¶ 26 n.2), any purported claims of Thomas's and Sandra's minor children—filed more than two years after her fatal collision—would be untimely. Moreover, since it is "well established that any extension of liability for damages arising from intoxication must come from the legislature rather than the courts," we cannot create any liability beyond that explicitly provided for in the Dramshop Act. *Id.* ¶ 37. We thus reject Thomas's contention that his children's minority tolled the limitation period.

¶ 42                                    *Discovery Rule*

¶ 43 Thomas advances the alternative argument that the complaint was timely filed based on the discovery rule. MSL contends, and we agree, that the discovery rule is inapplicable herein.

¶ 44 "As a general rule, a cause of action for personal injuries accrues when the plaintiff suffers injury." *Golla*, 167 Ill. 2d at 360. The limitation period traditionally was not tolled simply because the plaintiff was unaware of the existence of an injury. *Id.* Therefore, the mechanical application of a statute of limitations could, in some instances, prevent a plaintiff from filing an action before he or she was even aware of the injury. *Id.*; *Moon v. Rhode*, 2016 IL 119572, ¶ 20.

¶ 45 "To alleviate the harsh consequences that would flow from literal application of the limitations period, the judiciary created the 'discovery rule.' " *Golla*, 167 Ill. 2d at 360. The discovery rule postpones the commencement of the relevant statute of limitations until an injured

---

[2]While not necessary for our analysis, we observe that our colleagues in the Third District opined that, "[a]lthough the one-year limitation period in the Dramshop Act is not a condition precedent to the trial court's jurisdiction, it is, nonetheless, 'a condition precedent to the right of recovery which must be observed by all plaintiffs in order to bring themselves within the Act.' " *Fuller*, 2022 IL App (3d) 180670, ¶ 86 (quoting *Demchuk*, 92 Ill. 2d at 9). As MSL filed an affirmative defense asserting that Thomas's claim was time-barred, we need not determine herein whether compliance with the limitation period in a dramshop case is a condition precedent (which the plaintiff presumably must establish) or a statute of limitations (which the defendant presumably must assert).

plaintiff knows or reasonably should know that they have been injured and that the injury was wrongfully caused. *Id.* at 360-61. At that point, the burden is on the injured person to investigate whether he or she has a viable cause of action. *Mitsias v. I-Flow Corp.*, 2011 IL App (1st) 101126, ¶ 23.

¶ 46 Notwithstanding "the formulation and application of the discovery rule across a broad spectrum of litigation," Illinois courts have consistently held that, where the plaintiff's injuries are caused by a sudden traumatic event, the plaintiff's cause of action accrues when the injury occurred. *Golla*, 167 Ill. 2d at 361; see *Hutson v. Hartke*, 292 Ill. App. 3d 411, 413 (1997). "The rationale supporting this rule is that the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Golla*, 167 Ill. 2d at 363.

¶ 47 "A traumatic injury is one in which the damage is caused by external violence or in which the injury is immediate and caused by an external force." *Beetle v. Wal-Mart Associates, Inc.*, 326 Ill. App. 3d 528, 537 (2001). "In contrast, where the injury is an aggravation of a physical problem that may naturally develop, absent negligent causes, neither its existence nor potential wrongful cause may immediately be known," and thus "it is considered unfair to bar a negligently injured individual's cause of action before he has a chance to discover that it exists." *Id.* In this case, Cantu struck Sandra—a pedestrian—with his vehicle, and she suffered fatal injuries. We find that this is clearly a sudden traumatic event, which would trigger the one-year limitation period under the Dramshop Act.

¶ 48 Thomas maintains, however, that nothing about Cantu's intoxication or Sandra's death alerted him to the fact that Cantu had been drinking in an Illinois establishment that serves alcohol. We are not persuaded by this contention. Simply put, the sudden and traumatic nature of

the injuries to Sandra in the instant case required Thomas to diligently investigate and pursue any possible cause of action. *E.g.*, *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d 1077, 1082-83 (2004) (finding that a driver who was injured after his vehicle hydroplaned failed to timely sue the construction company that had performed road repaving; noting that there was "no reason to deviate from the 'sudden, traumatic event' rule"); *Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418, 422 (2000) (providing that when the injury is caused by a sudden traumatic event, "the injured party is put on notice that the injury may have been wrongfully caused"). This result is particularly warranted where our supreme court has stated that the intent of the limitation period in the Dramshop Act is " 'to prevent the evil of prolonged liability of dramshop owners who rarely have actual knowledge of the events upon which their liability is based.' " *Fuller*, 2022 IL App (3d) 180670, ¶ 87 (quoting *Lowrey v. Malkowski*, 20 Ill. 2d 280, 284 (1960)).

¶ 49    In conclusion, while we recognize the hardships suffered by Thomas and his family, we are compelled to strictly construe the provisions of the Dramshop Act. *Rittmeyer v. Anderson*, 49 Ill. App. 2d 71, 75 (1964); see also *Herndon*, 2022 IL App (2d) 210297, ¶ 41 (declining to read the words "unborn fetus" into the Dramshop Act's loss-of-society definition; noting that "[w]e are not unsympathetic to [the plaintiff's] arguments" but "[w]e simply do not possess authority to judicially amend the Dramshop Act"). For the reasons discussed above, we find that the circuit court properly granted summary judgment in favor of MSL.

¶ 50                                 CONCLUSION

¶ 51    The judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 52    Affirmed.

*Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-L-11343; the Hon. Melissa A. Durkin, Judge, presiding. |
| **Attorneys for Appellant:** | Richard Dvorak and Liza Vasilyeva, of Dvorak Law Offices, LLC, of Clarendon Hills, for appellant. |
| **Attorneys for Appellee:** | Robert M. Burke Jr., of Heineke & Burke, LLC, of Chicago, for appellee. |